CS/2020R01152

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 22-*CR-327(CCC)* |
| | : | |
| v. | : | 15 U.S.C. §§ 78j(b) and 78ff |
| | : | 17 C.F.R. § 240.10b-5 |
| MARK MARCHI | : | 18 U.S.C. § 2 |
| | : | |

**I N F O R M A T I O N**

The Defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey, charges:

**Introduction**

1.     From in or around February 2016 through in or around September 2020, defendant MARK MARCHI ("MARCHI") fraudulently induced victims into investing millions of dollars in Precipio Capital LLC ("Precipio"), an unregistered investment advisor founded and operated by MARCHI.  Rather than investing the money as promised, MARCHI misappropriated investor funds for his own personal gain.

**Background**

2.     At all times relevant to this Information:

a.     MARCHI was a resident of New Jersey and an unregistered securities broker.

b.     MARCHI managed and/or controlled Precipio, an unregistered investment adviser founded in or around December 2015 by MARCHI.  Precipio's principal place of business was in Point Pleasant, New Jersey.  Through Precipio, MARCHI purportedly provided investment adviser services to clients.

3.     Global Alliance Capital, LLC ("Global Alliance") was an investment company founded in or around September 2009 by MARCHI.  In or around October 2015, MARCHI ceased operating Global Alliance.

## The Scheme to Defraud

4.     From in or around February 2016 through in or around September 2020, in the District of New Jersey and elsewhere, defendant

### MARK MARCHI

willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, that is, MARCHI engaged in a scheme to commit securities fraud regarding interests in Precipio.

## Goal of the Scheme

5.     The goal of the scheme was for MARCHI to fraudulently induce individuals into investing money in Precipio by making material misrepresentations to them concerning how their money would be invested and

how their investments had performed, so that MARCHI could misappropriate substantial sums of the victims' money for his own personal gain.

### Manner and Means of the Scheme to Defraud

6.      It was part of the scheme to defraud that:

a.      Prior to MARCHI's formation of Precipio in or about 2016, MARCHI solicited investments from multiple investors in Global Alliance ("Global Victims"). When MARCHI ceased operating Global Alliance in 2015 and began operating Precipio, he represented to the Global Victims that he rolled over their accounts into Precipio. In addition, MARCHI solicited funds from additional victims who invested in Precipio directly (together with the Global Victims, "Investor Victims"). In total, MARCHI solicited approximately $4.1 million from Investor Victims.

b.      MARCHI made material misrepresentations to the Investor Victims, including that he would invest their money in securities through brokerage accounts at Precipio and that he would manage their investments.

c.      MARCHI did not use the Victim Investors' money as he had represented. Rather, MARCHI diverted approximately $2.8 million of funds from the Victim Investors for other purposes, including paying back investors in Global Alliance, withdrawing approximately $451,000 in cash from Precipio's bank accounts for his personal use, and spending approximately $18,000 at restaurants.

d.      MARCHI made additional material misrepresentations to the Victim Investors about the status and performance of their investments.

3

MARCHI falsely assured Victim Investors their money was invested in securities through Precipio, and the investments were profitable.  MARCHI also provided Investor Victims with falsified records, including trading records, performance reports, and Form K-1s.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

1.      As a result of committing an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), as alleged in this Information, defendant

### MARK MARCHI

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the said offense, and all property traceable thereto.

### Substitute Assets Provision

2.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)      cannot be located upon the exercise of due diligence;

    (b)      has been transferred or sold to, or deposited with, a third person;

    (c)      has been placed beyond the jurisdiction of the Court;

    (d)      has been substantially diminished in value; or

    (e)      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as

incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of

the defendant up to the value of the above forfeitable property.

PHILIP R. SELLINGER
United States Attorney